DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830
Facsimile: (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ARNOLD, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DMG MORI USA, INC, an Illinois Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 3:18-CV-02373-JD<br><br>Hon. James Donato<br><br>**PLAINTIFFS'** *REVISED* **MOTION FOR ATTORNEYS' FEES, COSTS, AND REPRESENTATIVE SERVICE AWARD**<br><br>**HEARING SCHEDULE**<br>Date: Deferred Hearing from March 17, 2022<br>Time: N/A<br>Crtrm: 11 |

1

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 1

II. CLASS COUNSEL'S RATES ARE REASONABLE ................................ 1

III. OTHER COURTS HAVE APPROVED CLASS COUNSEL'S RATES ....... 3

IV. THE NUMBER OF HOURS CLAIMED IS REASONABLE ...................... 4

V. CLASS COUNSEL'S RATES ARE REASONABLE FOR THE NORTHERN DISTRICT OF CALIFORNIA ..................................................... 5

VI. CURRENT BILLING RATES SHOULD BE UTILIZED ............................ 7

VII. PROPORTIONALITY IS NOT APPROPRIATE IN ASSESSING THE FEE REQUEST ............................................................................................ 8

VIII. COUNSEL REQUESTS A MORE MODERATE SERVICE AWARD ......................................................................................................... 9

IX. CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

CASES

*Aguirre v. Genesis Logistics,*
 SACV 12-00687 (C.D. Cal. April 7, 2014)...................................................................... 3

*Arnold v. DMG Mori USA, Inc.*,
 No. 18-cv-02373-JD, 2021 U.S. Dist. LEXIS 62890,
 (N.D. Cal. Mar. 31, 2021) .................................................................................................. 1

*Bebault v. DMG Mori USA, Inc.,*
 2020 U.S. Dist. LEXIS 75538 (N.D. Cal., Apr. 29, 2020)................................................. 1

*Blum v. Stenson*,
 465 U.S. 886 (1984) .......................................................................................................... 1

*Bryant v. TRW*,
 689 F.2d 72 (6th Cir. 1982)............................................................................................... 8

*Cooley v. Indian River Transport*,
 Case No. 18-cv-00491-WBS (E.D. Cal. Apr. 17, 2017) ................................................... 3

*Correa, et al. v. Zillow Group Inc.*,
 Case No. 8:19-cv-00921-AG-DFM (C.D. Cal. Mar. 18, 2019) ........................................ 4

*Fischel v. Equitable Life Assurance Soc'y*,
 307 F.3d 997 (9th Cir. 2002)............................................................................................. 7

*Hensley v. Eckerhart*,
 461 U.S. at 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ........................................ 2, 5, 9

*Independent Federation of Flight Attendants v. Zipes*,
 491 U.S. 754 (1989) .......................................................................................................... 9

*Johnson v. Seaspine Holdings Corporation, et al.*,
 Superior Court of California, County of Orange,
 Case No. 30-2017-00949804-CU-OE-CXC ..................................................................... 4

*Kumar v. Fremont Automobile Dealership LLC*,
 Case No.: RG09490213 (Alameda Superior)................................................................... 7

*Lashbrook v. City of San Jose*,
 No. 5:20-cv-01236-NC, ECF No. 25 (N.D. Cal. Sept. 2, 2020) ....................................... 6

*Madrigal v. 24 Hour Fitness,*
 Case No. 30-2014-00735568-CU-OE-CXC (Orange County,
 Civil Complex, Superior Court of California) ................................................................. 3

*Morales v. City of San Rafael,*
 96 F.3d 359, 364 (9th Cir. 1996).................................................................................. 2, 8

*Mutch v. AYCO Company*,
 Case No. 30-2012-00587900 (Orange County Superior Court
 May 12, 2014) ................................................................................................................... 3

*Nevarez et al. v. Forty Niners Football Company,* LLC, et al.,
  No. 5:16-cv-07013-LHK, ECF No. 416 (N.D. Cal. Jul. 23, 2020) ........................ 6

*Tagliarino v. Musicians' Institute, Inc.*,
  Judicate West Case No. A268536-46, June 9, 2020 ............................................... 4

*United Steelworkers of Am. v. Phelps Dodge Corp.,*
  896 F.2d 403 (9th Cir.1990) ..................................................................................... 5

*Yohay v Alexandria Employees' Credit Union*,
  827 F.2d 967 (4th Cir. 1987) .................................................................................... 8

**PUBLISHED BOOK**

Desai, Aashish, *A Class Action* (Your Book Angel, 2021) ........................................ 2

## I. INTRODUCTION

Attorney fees are important. They are not a windfall, but rather provide just compensation for the value and effort that lawyers put into cases – sometimes without any guarantee of recovery. Class Counsel's diligent and successful advocacy resulted in one of the largest "per consumer" settlements in the nation, and two published decisions advancing the rights of employee applicants under the FCRA. *Bebault v. DMG Mori USA, Inc.,* 2020 U.S. Dist. LEXIS 75538 (N.D. Cal., Apr. 29, 2020) (granting class certification to plaintiffs); *Arnold v. DMG Mori USA, Inc.*, No. 18-cv-02373-JD, 2021 U.S. Dist. LEXIS 62890, at *1 (N.D. Cal. Mar. 31, 2021) (granting summary judgment against DMG for violating the FCRA).

Class Counsel submits this brief to respond to the Court's Order requesting additional information and evidence to support their request. Critically, the amount of attorney's fees awarded pursuant to statute is not required to be proportionate to the amount of damages recovered – and since there will rarely be extensive damages in an FCRA action, any such requirement would actually discourage vigorous enforcement of the Act (the opposite of Congress' wishes when it placed a statutory fees provision into the statute). Accordingly, Class Counsel has included information and evidence to support the reasonableness of their billing rates, the use of the lodestar method to assess the request for fees, and a reduced request from $5,000 to $3,000 as a service award to Class Representative Steven Arnold.

For all these reasons more fully explained below, Class Counsel respectfully request the Court grant their request for attorneys' fees, costs, and a service award.

## II. CLASS COUNSEL'S RATES ARE REASONABLE

Reasonable rates are calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Rates are reasonable if they are within the "range of rates" charged by private attorneys of similar skill and reputation. Federal law notes that the determination of whether plaintiff's attorney's fees are reasonable begins with a determination of the lodestar

– reasonable hourly rates multiplied by the number of hours reasonably spent. *Hensley v. Eckerhart*, 461 U.S. at 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). In the Ninth Circuit where this Court sits, the lodestar is presumptively reasonable. *Morales v. City of San Rafael,* 96 F.3d 359, 364 (9th Cir. 1996).

Plaintiff's lead counsel, Aashish Desai, is a recognized expert in federal class action litigation. Desai Decl., ¶ 13. He has tried seven complex cases to verdict in his over twenty-five years of practice, spearheaded numerous sizable class settlements, argued at least seven appeals before the Ninth Circuit Court of Appeals, is the author of two books on wage and hour law and numerous articles discussing class action issues in well-respected legal publications. Desai Decl., ¶ 14-15. Mr. Desai has served as an Adjunct Professor of Law at Chapman University School of Law; and he has been recognized as a class and collective action expert by his peers. Desai Decl., ¶ 16. He has been invited to speak at numerous CLE programs by the National Business Institute, Federal Bar Association, OC Bar, LA Bar, CELA, CALA and numerous other organizations. Desai Decl., ¶ 16. And he even wrote a legal novel about a group of truck drivers who sue their employer in federal court for unpaid wages based upon a true story. Desai, Aashish, *A Class Action* (Your Book Angel, 2021) (available on Amazon, Kindle, Audible, and iTunes). Desai Decl., ¶ 19.

Similarly, Adrianne De Castro, is a skilled class action lawyer with considerable experience. Like Mr. Desai, Ms. De Castro has spent her entire 17-year legal career advocating for the rights of workers and consumers. She has litigated several class actions and assisted in negotiating class action settlements. She is a recognized leader in the field of employment law and has been asked to speak and write as an expert regarding class actions, the Private Attorney General Act, the Fair Labor Standards Act, and California wage and hour law. In addition, she has been an Adjunct Professor at the University of California, School of Law for over 5 years teaching Employment Discrimination. Ms. De Castro's rate is well below that of

other attorneys with comparable legal experience. De Castro Decl., ISO Mtn for Attorneys' Fees & Costs, ¶ 7 (Dkt. No. 124-7).

### III. OTHER COURTS HAVE APPROVED CLASS COUNSEL'S RATES

Based on their experience and results achieved, Class Counsel's rates have been approved in various wage and hour, antitrust and consumer class actions throughout Mr. Desai's over twenty-five years of practice. *See, e.g., Aguirre v. Genesis Logistics,* SACV 12-00687 (C.D. Cal. April 7, 2014) (Judge Selna on *disputed Motion* formally ruled that Mr. Desai's $750/hr rate is reasonable for the southern California market); *Mutch v. AYCO Company*, Case No. 30-2012-00587900 (Orange County Superior Court May 12, 2014) (Judge Andler *specifically approving* Mr. Desai's $750/hr rate at final approval); *Correa v. Sensa Products, LLC*, Case No. BC476808 (LA Superior Court Nov. 7, 2013) (Judge Mohr approving class settlement and cross-checking fee using in part $750/hr rate for Mr. Desai); *Cardenas v. McLane Foodservice, Inc*., SACV 10-473 (C.D. Cal. Jan. 30, 2012) (Judge Carter approving class settlement and cross-checking fees using in part $750/hr rate for Mr. Desai); *Bravo De Rueda v. Alta Home Care*, Case No. 30-2011-00506932 (Orange County Superior Court Sept. 7, 2013) (Judge Perk approving class settlement and cross-checking fee using in part $750/hr rate for Mr. Desai); *Gharamsini v. Smile Brands, Inc*., Case No. 30-2012-0061-9560 (Orange County Superior Court May 28, 2013) (Judge Wieben Stock approving class settlement and cross-checking fee using in part $750/hr rate for Mr. Desai); *In re Indymac Litigation*, Case No. CV 08-0457 (C.D. Cal. Dec. 2010) (Judge Pregerson approving class settlement and using in part $600/hr rate for Mr. Desai in 2010). *Madrigal v. 24 Hour Fitness,* Case No. 30-2014-00735568-CU-OE-CXC (Orange County, Civil Complex, Superior Court of California) (Judge Weil (*Vorise*) approving class settlement and cross-checking fee in part $850/hr rate for Mr. Desai and $550/hr rate for Ms. De Castro). *Cooley v. Indian River Transport*, Case No. 18-cv-00491-WBS (E.D. Cal. Apr. 17, 2017) (Judge Schubb approving class settlement and request for attorneys' fees cross-

checking common fund based on $850/hr rate for Mr. Desai and $550/hr rate for Ms. De Castro); *Johnson v. Seaspine Holdings Corporation, et al.*, Superior Court of California, County of Orange, Case No. 30-2017-00949804-CU-OE-CXC (Judge Nakamura approving class settlement and request for attorneys' fees cross-checking common fund based on $850/hr rate for Mr. Desai and $550/hr rate for Ms. De Castro); *Correa, et al. v. Zillow Group Inc.*, Case No. 8:19-cv-00921-AG-DFM (C.D. Cal. Mar. 18, 2019) (Judge Staton approving class settlement and cross-checking fees using in part $950/hr rate for Mr. Desai and $550/hr rate for Ms. De Castro); and *Tagliarino v. Musicians' Institute, Inc.* (In Re Arbitration Musicians' Institute), Judicate West Case No. A268536-46, June 9, 2020 (Judge Herbert Hoffman (Ret.), Arbitrator approving class settlement and request for attorneys' fees cross-checking common fund based on $950/hr rate for Mr. Desai and $550/hr rate for Ms. De Castro).

Moreover, Class Counsel's rates do not account for contingent risk and are well within the range of rates charged by similarly experienced attorneys.

### IV. THE NUMBER OF HOURS CLAIMED IS REASONABLE

Class Counsel has maintained contemporaneous, detailed time records billed at 1/10 of an hour increments and have filed their detailed billing records through September 16, 2021. Desai Decl., ¶ 2. As Class Counsel explained in their initial briefing, this case required a huge expenditure of time and resources from a lean, 2-attorney firm. The docket contains over 120 entries reflecting significant law and motion including a successful class certification and a successful summary judgment motion. Class Counsel has reviewed these records and has exercised considerable billing judgment by, for example, leaving off time for simple coordination of settlement documents, dealing with COVID-19 delays, or taking calls from prospective class members. Desai Decl., ¶ 2. Indeed, this case is not over. Assuming this Court grants final approval, Class Counsel will still have to supervise the

4

disbursement of funds, respond to questions from the class, and handle any disputes that may arise with the third-party administrator.

Based on Class Counsel's hourly rates, Class Counsel has a lodestar of approximately $489,321.43 based on detailed, contemporaneous time records which establish a total of 612 hours of work. *See* Desai Decl. ISO Motion for Attorneys' Fees ¶ 20. Thus, Class Counsel's request for $450,000 in fees is well *below* the lodestar. And as the United States Supreme Court has noted, there is a "strong presumption that the lodestar amount represents a fair and appropriate fee award." *Hensley*, 103 S.Ct. at 1941. There is no reason to deviate from this "strong presumption" here, particularly given the tremendous results in statutory damages, class certification, liability rulings on "willfulness," permanent injunctive relief in use of a correct FCRA disclosure form by DMG, and two published decisions.

## V. CLASS COUNSEL'S RATES ARE REASONABLE FOR THE NORTHERN DISTRICT OF CALIFORNIA

However, the Court expressed concerns regarding Class Counsel's hourly rates of $950 per hour for Aashish Desai and $550 per hour for Adrianne De Castro. To address the Court's concerns, Class Counsel had submitted three supporting declarations of attorneys specializing in employment and class action law who confirm that these rates are justified and well within the range of reasonableness. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.1990).

Plaintiffs have submitted the supporting declarations of Scot Bernstein, a practitioner for 42 years who has been handling employee-side class actions since 1999, and whose hourly rate is $950 per hour. Before raising his rate to $950 per hour, Mr. Bernstein's hourly rate of $900 was approved in January 2022 as

reasonable by Judge Jeffrey White in the Northern District.

Plaintiffs also submit the Declaration of Andrew P. Lee, a partner at Goldstein, Borgen, Dardarian & Ho ("GBDH") in Oakland, California. GDBH is one of the Bay Area's premiere plaintiffs' public interest class action firms, and one of the oldest and most successful plaintiffs' firms in the country. *See* Lee Decl., ¶ 3. Mr. Lee has been in practice for 16 years and attested to the billing rates for his firm whose attorneys regularly practice in the Northern District. GDBH's attorney rates confirm that Class Counsel's request based on their hourly rates are reasonable.

Laura Ho, a law partner with comparable experience to Mr. Desai has a rate of $990 per hour. James Kan and Andrew Lee, attorneys with comparable experience and graduation years as Ms. De Castro, both have hourly rates of $815 per hour, well **below** Ms. De Castro's rate of $550 per hour. *See* Lee Decl., ¶ 8. Their rates have been approved in the Northern District, including most recently in *Lashbrook v. City of San Jose*, No. 5:20-cv-01236-NC, ECF No. 25 (N.D. Cal. Sept. 2, 2020)(hourly rates are "within the market range of hourly rates charged by attorneys of comparable experience, reputation, and ability for similar litigation.") and *Nevarez et al. v. Forty Niners Football Company,* LLC, et al., No. 5:16-cv-07013-LHK, ECF No. 416 (N.D. Cal. Jul. 23, 2020)(approving GBDH's 2019 rates and awarded GBDH's full lodestar).

Finally, Plaintiffs submit the declaration of Peter Rukin, a partner with Rukin, Hyland, and Riggin LLC in San Francisco. He is a 1991 graduate and has extensive experience practicing employment law, class actions, PAGA representative actions, and FLSA collective action lawsuits. In 2018, Mr. Rukin surveyed the rates of Bay Area employment attorneys in connection with a motion for attorneys' fees. The information gathered in his survey confirmed that his rates are well within the range of rates charged by comparable attorneys in the San Francisco Bay Area market. Rukin, Decl. ¶¶ 4-5. Mr. Rukin's billing rate is $900 per hour and the billing rate of his law partner, Jessica Riggin, a 2011 graduate of Columbia Law School, is $595

which he attests are at or below market rates for California metro-area employment attorneys with similar experience and expertise. His billing rates have been approved most recently in March 2022 by the Honorable Eumi Lee in *Kumar v. Fremont Automobile Dealership LLC*, Case No.: RG09490213 (Alameda Superior). Mr. Rukin also confirms that Class Counsel's billing rates are reasonable. Rukin, Decl. ¶¶ 6-7.

We provide a chart compiling the results:

| Name | Firm Name | Graduation year | 2021 Rate |
|---|---|---|---|
| Aashish Y. Desai | Desai Law Firm, P.C. | 1996 | $950 |
| Adrianne De Castro | Desai Law Firm, P.C. | 2005 | $550 |
| Linda M. Dardarian | Goldstein, Borgen, Dardarian & Ho ("GBDH") | 1987 | $990 |
| Laura L. Ho | GBDH's | 1994 | $990 |
| Andrew P. Lee | GBDH's | 2005 | $815 |
| Byron R. Goldstein | GBDH's | 2007 | $750 |
| Of Counsel | GBDH's | 1970-1981 | $990 |
| Associates | GBDH's | 2013-2021 | $415-590 |
| Scot D. Bernstein | Law Offices of Scot D. Bernstein | 1980 | $900 |
| Peter Rukin | Rukin, Hyland & Riggin | 1991 | $825 |
| Jessica Riggin | Rukin, Hyland & Riggin | 2011 | $595 |

## VI. CURRENT BILLING RATES SHOULD BE UTILIZED

Unlike traditional defense firms, Class Counsel received no payment for their ongoing work over the last three years despite achieving significant successes along the way. Therefore, Class Counsel has utilized its 2021 rates for all billing entries going back to 2018 to compensate for having to wait for payment while advancing all the costs of litigation while foregoing other potential opportunities. The law supports calculating the lodestar at current rates to compensate for delay in receipt of payment. *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 999 (9th Cir.

2002) (court may apply "the attorneys' current rates to all hours billed during the course of the litigation" to compensate attorneys for a delay in payment).

**VII. PROPORTIONALITY IS NOT APPROPRIATE IN ASSESSING THE FEE REQUEST**

The Court expressed concerns that the request for fees was disproportionate to the recovery to the class. However, the Court should not consider this a factor in evaluating Class Counsel's request for fees considering the structure of the settlement and the underlying purpose of the FCRA. To start, attorneys' fees are central to the FCRA's enforcement, which chiefly relies on consumers to become private attorneys general. The fact that the money to be awarded to the consumers may be less than the fee request does not make that request unreasonable. *Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982) (FCRA case rejecting notion that fees are contingent on size of award and upholding fee award greater than the amount of damages); *Yohay v Alexandria Employees' Credit Union*, 827 F.2d 967 (4th Cir. 1987) (proportionality would discourage vigorous enforcement of the Act). In statutory fee cases, damages are often small in relation to the fees incurred. This is to encourage private counsel to enforce important civil rights.

Moreover, in this case, two separate funds were created – this is not a common fund settlement. *See* Settlement Agreement & Release, para 35 (creating "Two Funds: Attorneys' Fees Fund and Class Distribution Fund"). This provides yet another reason to award the fees based upon Class Counsel's lodestar. *Morales,* 96 F.3d at 364 (lodestar is presumptively reasonable). Creating these two funds means Class Counsel's fees are not being subtracted from the Class Distribution Fund which alone is significant.

The recovery achieved for participating class members is the largest per class member FCRA settlement that Class Counsel is aware of. Class Counsel estimates that participating class members will receive $464.80 each, a significant recovery in comparison to other similar FCRA cases. *See* Plaintiffs' Motion for Final Approval, 12:12-13:4 (listing cases where FCRA class members received between $13-80).

8

Accordingly, proportionality to the Class Distribution Fund is not the proper measure for determining the reasonableness of the attorneys' fees request. Rather, based on the case law, Class Counsel request the Court look to the lodestar, the experience of Class Counsel, and the outstanding results achieved. *Hensley*, 103 S.Ct. at 1941 (the lodestar analysis is applicable to all cases involving an attorney fee shifting statute). The Supreme Court has previously noted that, "We have stated in the past that fee shifting statutes' similar language is a 'strong indication' that they are to be interpreted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989).

### VIII. COUNSEL REQUESTS A MORE MODERATE SERVICE AWARD

In light of the Court's concerns, Plaintiffs respectfully request the Court grant a lower service award of $3,000 to Plaintiff Arnold.

### IX. CONCLUSION

For the foregoing reasons, Class Counsel again respectfully requests that the Court grant Plaintiffs' request of $450,000 in attorney's fees, $13,011 in litigation costs, and a $3,000 Service Award to Plaintiff Arnold.

Respectfully submitted,

Dated: April 13, 2022

DESAI LAW FIRM, P.C.

By: /s/ *Aashish Y. Desai*
Aashish Y. Desai
Adrianne De Castro
Attorneys for Plaintiffs